UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEL MARVIN MUNT, | Case No. 23-CV-1268 (JRT/JFD) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| JESSE PUGH, | |
| Respondent. | |

Petitioner Joel Marvin Munt is serving a life sentence after being "convicted by a jury in Minnesota state court of the shooting death of his ex-wife and of kidnaping his three children." *Munt v. Grandlienard*, 829 F.3d 610, 612 (8th Cir. 2016). Mr. Munt now seeks habeas corpus relief from that conviction and sentence.

The Court lacks jurisdiction over Mr. Munt's habeas petition. Under 28 U.S.C. § 2244(b)(3),

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Mr. Munt has previously sought habeas corpus relief in this District, and that petition was denied on the merits. *See Munt*, 829 F.3d at 616 (affirming denial of habeas petition). Mr. Munt's current habeas petition, which attacks the same conviction and sentence, is therefore "second or successive" within the meaning of § 2244(b)(3)(A). Mr. Munt has not yet received the necessary authorization from the United States Court of Appeals for the Eighth Circuit to proceed with his successive habeas petition. In the absence of the required authorization, a federal district court lacks jurisdiction to proceed to the merits of the claims raised in a successive habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) ("[B]ecause the . . . petition is a 'second or successive' petition that Burton did not seek or obtain authorization to file in the District Court, the District Court never had jurisdiction to consider it in the first place.").

Mr. Munt's arguments to the contrary are entirely without merit. (*See* Dkt. No. 5-2 at 74-79.) Mr. Munt was provided a full and fair opportunity to litigate his first habeas proceeding; indeed, Mr. Munt was even granted a certificate of appealability to pursue the most colorable of his claims for relief before the Eighth Circuit. Each of Mr. Munt's many claims for relief in his current habeas petition could reasonably have been known to him at the time he filed his first petition for habeas corpus relief. Contrary to Mr. Munt's position,

2

the authorization requirement of § 2244(d) does not amount to a suspension of the privilege of the writ of habeas corpus. *See, e.g.*, *Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998).

This matter must be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(3). If the recommendation of dismissal is adopted, Mr. Munt's application to proceed *in forma pauperis* (Dkt. No. 2) should be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 (8th Cir. 1996) (per curiam). Mr. Munt's requests for additional time in which to file a reply brief (Dkt. No. 3) and for permission to exceed the word limits of this District's Local Rules (Dkt. Nos. 4 and 5) will be moot if the recommendation of dismissal is adopted and should therefore be denied as moot. Finally, this case is not a close call; Mr. Munt should not be issued a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Mr. Munt's requests for permission to exceed word limits and for an extension to file a reply (Dkt. Nos. 3, 4, and 5) be **DENIED AS MOOT**.

3.  Mr. Munt's application to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**.

4.  No certificate of appealability be issued.

Dated: May 22, 2023                           _s/ John F. Docherty_
                                              JOHN F. DOCHERTY
                                              United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).