UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOEL MARVIN MUNT,<br><br>Petitioner,<br><br>v.<br><br>JESSE PUGH,<br><br>Respondent. | Civil No. 23-1268 (JRT/JFD)<br><br>**MEMORANDUM OPINION AND ORDER DISMISSING DEFENDANT'S 28 U.S.C. § 2255 MOTION AND DENYING OTHER MOTIONS** |

Joel Marvin Munt, MCF Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Edwin William Stockmeyer, III, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, St. Paul, MN 55101-2134; and Susan B. DeVos, **BLUE EARTH COUNTY ATTORNEY'S OFFICE,** PO Box 3129, Mankato, MN 56002, for Respondent.

Joel Marvin Munt is currently serving a life sentence for murder and kidnapping, among other charges. The Court denied Munt's initial habeas petition and the Eighth Circuit affirmed the denial. Munt is again asking the Court for habeas corpus relief from his life sentence. The Magistrate Judge issued a Report and Recommendation recommending the Court dismiss the petition because Munt has not received approval from the Eighth Circuit to proceed with his second or successive habeas petition pursuant to 28 U.S.C. § 2255. The Court will dismiss Munt's habeas petition for lack of jurisdiction as an impermissible second or successive petition. Because the Court dismisses Munt's habeas petition, the Court will also deny Munt's other requests as moot.

-1-

**BACKGROUND**

Munt was convicted by a jury in Minnesota state court of the shooting death of his ex-wife and of kidnapping his three children. *Munt v. Grandlienard,* 829 F.3d 610, 612 (8th Cir. 2016). A state district court sentenced Munt to life in prison without the possibility of release. (Pet. for Writ of Habeas Corpus at 1, May 1, 2023, Docket No. 1.) Munt initially petitioned for habeas corpus relief in the District of Minnesota. *Munt,* 829 F.3d at 612. The Court denied his petition on the merits and the Eighth Circuit affirmed on appeal. *Id.*

Munt has once again petitioned the Court for habeas corpus relief from the same conviction and sentence. (Pet. for Writ of Habeas Corpus at 1–2.) He also applies to proceed *in forma pauperis*. (Appl. to Proceed without Prepaying Fees or Costs, May 1, 2023, Docket No. 2.) Munt further requests additional time in which to file a reply brief and for permission to exceed the word limits of this District's Local Rules. (Req. to Exceed Word and Line Limits, May 1, 2023, Docket Nos. 4–5; Req. for Extension to Reply, May 5, 2023, Docket No. 3.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court dismiss Munt's petition for lack of jurisdiction because this is an impermissible second or successive motion without prior approval from the Eighth Circuit. (R. & R. at 3, May 22, 2023, Docket No. 9.) Munt objects to the R&R, seemingly arguing that this should not be considered a second or successive petition. (Obj. at 2, June 2, 2023, Docket No. 10.)

**ANALYSIS**

Within 14 days after a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo*[1] "properly objected to" portions of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

28 U.S.C. § 2255(a) permits a prisoner to petition the court that sentenced him to "vacate, set aside or correct the sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Successive petitions will be allowed if there is a new rule of constitutional law, decided by the Supreme Court and made retroactive, or the factual predicate for the petition was unknown at the time of the previous petition. 28 U.S.C. § 2244(b)(2). Importantly, a second

---

[1] De novo means that this Court will review the evidence and the law independently, in other words, the Magistrate Judge's prior opinion has no influence on how the Court reviews the issues. In essence, the Court will review the case from the start, as if it is the first court to review and weigh in on the issues.

or successive habeas motion must be certified by the appropriate court of appeals, and if a petitioner does not obtain such authorization, the district court does not have jurisdiction and should dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 153 (2007); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002); *see* 28 U.S.C. § 2255(h).

Munt already petitioned for habeas corpus relief in 2016. *Munt,* 829 F.3d at 612. Therefore, his current habeas petition based on the same conviction and sentence is "second or successive" under the common meaning and understanding of 28 U.S.C. 2244(b)(3)(A). Munt has provided no evidence that he has received proper authorization from the Eighth Circuit to proceed with this "second or successive" habeas petition. Therefore, the Court dismisses Munt's habeas petition for lack of jurisdiction. Because the Court dismisses Munt's habeas petition for lack of jurisdiction, the Court denies Munt's application to proceed *in forma pauperis,* requests for additional time in which to file a reply brief, and request for permission to exceed the word limits as moot.

The Court does not consider the merits of Munt's habeas petition here. The Court simply rules in accordance with 28 U.S.C § 2255. If Munt wants to pursue a "second or successive" habeas petition, he should first get authorization from the Eighth Circuit as required by 28 U.S.C 2255(h).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection to Magistrate's 5/22/2023 Report and

Recommendations [Docket No. 10] are **OVERRULED;**

2. The Magistrate Judge's Report & Recommendation [Docket No. 9] is **ADOPTED;**

3. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 1] is **DISMISSED**;

4. Petitioner's request for extension to reply [Docket No. 3] is **DENIED**;

5. The Court does **NOT** grant a Certificate of Appealability under 28 U.S.C. § 2253(c);

6. Petitioner's requests for permission to exceed word limits [Docket Nos. 4 and 5] are **DENIED**; and

7. Petitioner's application to proceed *in forma pauperis* [Docket No. 2] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 2, 2023
at Minneapolis, Minnesota.

*John R. Tunheim*
JOHN R. TUNHEIM
United States District Judge