UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| JOEL MARVIN MUNT, | |
| Petitioner, | Civil No. 23-1268 (JRT/JFD) |
| v. | **MEMORANDUM OPINION AND ORDER DENYING PETITIONER'S IN FORMA PAUPERIS APPLICATION AND CERTIFICATE OF APPEALABILITY REQUEST** |
| JESSE PUGH, | |
| Respondent. | |

---

Joel Marvin Munt, MCF Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Edwin William Stockmeyer, III, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, 445 Minnesota Street, St. Paul, MN 55101-2134; and Susan B. DeVos, **BLUE EARTH COUNTY ATTORNEY'S OFFICE,** P.O. Box 3129, Mankato, MN 56002, for Respondent.

Joel Marvin Munt is currently serving a life sentence for murder and kidnapping, among other charges. The Court denied Munt's initial habeas petition and the Eighth Circuit affirmed the denial. Munt again asked the Court for habeas relief from his life sentence, which the Court denied because he did not receive approval from the Eighth Circuit to proceed with a second or successive habeas petition pursuant to 28 U.S.C. § 2255. The Court also denied Munt a Certificate of Appealability ("COA").

Munt has now appealed the Court's denial of his second habeas request and has asked for a COA and to proceed *in forma pauperis* ("IFP") on appeal. Because the Court

did not grant Munt a COA and because a COA is still not warranted, the Court will deny Munt's request for a COA and his application for IFP status.

## BACKGROUND

Munt was convicted by a jury in Minnesota state court of the shooting death of his ex-wife and of kidnapping his three children. *Munt v. Grandlienard,* 829 F.3d 610, 612 (8th Cir. 2016). A state district court sentenced Munt to life in prison without the possibility of release. (Pet. for Writ of Habeas Corpus at 1, May 1, 2023, Docket No. 1.) Munt petitioned for habeas corpus relief in the District of Minnesota. *Munt,* 829 F.3d at 612. The Court denied his petition on the merits and the Eighth Circuit affirmed on appeal. *Id.*

Munt again petitioned the Court for habeas relief from the same conviction and sentence. (Pet. for Writ of Habeas Corpus at 1–2.) He also applied to proceed *in forma pauperis.* (Appl. to Proceed without Prepaying Fees or Costs, May 1, 2023, Docket No. 2.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court dismiss Munt's petition for lack of jurisdiction because this is an impermissible second or successive motion without prior approval from the Eighth Circuit. (R. & R. at 2-3, May 22, 2023, Docket No. 9.) Munt objected to the R&R, arguing that his petition was not an impermissible second or successive petition. (Obj. at 2, June 2, 2023, Docket No. 10.) The Court disagreed with Munt and concluded that his petition constituted an impermissible second or successive motion that required Eighth Circuit approval, so it lacked jurisdiction to consider his petition on the merits. (2nd Pet. Order at 4, Aug. 2, 2023,

Docket No. 11.) It declined to grant him a Certificate of Appealability ("COA") under 28 U.S.C. § 2253(c) and denied his IFP application as moot. (*Id.* at 5.)

Munt has now appealed the Court's denial of his habeas petition to the Eighth Circuit. (Notice of Appeal, Aug. 24, 2023, Docket No. 13.) He has applied to proceed IFP on appeal. (IFP Appeal Appl., Aug. 24, 2023, Docket No. 15.) Munt argues that he should be granted a COA because the Court did not fully address his arguments, which he asserts violates his due process rights. (COA Request at 1–2, Aug. 24, 2023, Docket No. 14.) He also asserts that reasonable jurists could debate whether his petition qualified as a second or successive petition. (*Id.* at 6.)

## DISCUSSION

The Court will first address Munt's request for a COA before turning to his IFP application. 28 U.S.C. § 2253(c) dictates that an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding unless a judge issues a Certificate of Appealability. A COA should only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). The Supreme Court has further clarified that a COA is only appropriate if petitioner has shown "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Here, the Court declined to grant Munt a COA in the first instance. (2nd Pet. Order at 5.) Munt again asks the Court for a COA. (*See generally* COA Request.) He suggests that his due process rights were violated by the Court's failure to consider each of his arguments. (*Id.* at 3–4.) But that is untrue. The Magistrate Judge considered Munt's argument that this was not a second or successive petition. (R. & R. at 2–3.) He found that "[e]ach of Mr. Munt's many claims for relief in his current habeas petition could reasonably have been known to him at the time he filed his first petition for habeas corpus relief," and therefore this was an impermissible second or successive habeas petition that required Eighth Circuit approval under 28 U.S.C. § 2244(b)(3). (*Id.*) Thus, the Court considered Munt's argument that this was not a second or successive petition. There is therefore no concern that his due process rights were violated, and Munt has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Not only has Munt failed to substantially show the denial of a constitutional right, but reasonable jurists could not debate whether his petition could be resolved in a different manner. A district court simply may not consider a prisoner's successive or second habeas petition under § 2255 unless the motion has been authorized by the court of appeals. 28 U.S.C. § 2244(b)(3)(B). This rule is not discretionary. *Boykin v. United States*, 242 F.3d 373, 373 (8th Cir. 2000) (describing the court of appeals approval requirement as "absolute"). A habeas petition is not considered "second or successive" only if either (1) there is a new rule of constitutional law decided by the Supreme Court

and made retroactive, or (2) the factual predicate for the petition could not have been discovered previously through the exercise of due diligence and would be sufficient to establish that, "but for constitutional error," no reasonable factfinder would have found the applicant guilty of the offense. 28 U.S.C. § 2244(b)(2). Munt has not made a showing that either situation applies here. Though Munt argued that the State committed constitutional violations that prevented his arguments from being raised earlier, he has not clearly explained or set forth evidence regarding what those State constitutional violations were or shown that the factual predicate for the petition could not have been discovered earlier. (*See* Request to Accept Oversized Mem. Demonstrating Habeas Pet. not Barred, Ex. 4, at 76–77, May 1, 2023, Docket No. 5-2.)

To the extent that Munt now argues he did not have a full and fair opportunity to litigate his first habeas petition because he lacked adequate access to legal resources, such argument also fails. Munt has extensively litigated his conviction. He was granted a COA for his first petition, and the Eighth Circuit thoughtfully considered Munt's legal arguments. *See Munt*, 826 F.3d at 614–16. The Court is unconvinced that Munt had constitutionally inadequate access to legal resources and the judicial system and Munt has not set forth persuasive evidence to the contrary. Because Munt has shown neither a denial of a constitutional right nor that the factual predicate for the petition could not have been discovered previously through the exercise of due diligence, the Court will once again deny his request for a COA.

Turning to Munt's application to proceed IFP on appeal, a litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  The *in forma pauperis* statute has been applied to prisoner and non-prisoner cases alike.  *See Nichole K. v. Commissioner of Social Security*, No. 19-1662, 2019 WL 3037087, at *1 n.1 (D. Minn. July 11, 2019).  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).

Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3).  An appeal is taken in good faith when the party seeking review presents nonfrivolous issues. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  This is judged by an objective standard and not by the appellant's subjective point of view.  *Id.*  An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. MPLS Sch. Dist. No. 1*, No. 14-4462, 2015 WL 1020845, at *1 (D. Minn. Mar. 9, 2015).

Here, because the Court finds that the appeal is legally frivolous, it is not taken in good faith and the Court must deny the application.  A habeas petitioner may only appeal the district court's denial of his petition if the district court grants them a certificate of appealability.  28 U.S.C. § 2253(c)(1).  As already discussed, the Court declines to grant Munt a COA.  Without a COA, Munt is unable to appeal the denial of his habeas petition

to the Eighth Circuit, so his appeal is legally frivolous, and the Court must deny his application for IFP status.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Request for Certificate of Appealability [Docket No. 14] is **DENIED**; and

2. Petitioner's Application to Proceed In Forma Pauperis on Appeal [Docket No. 15] is **DENIED.**

DATED: September 13, 2023
at Minneapolis, Minnesota.

                                                   JOHN R. TUNHEIM
                                              United States District Judge